## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**TREVOR WOODHAM**                                                              **PLAINTIFF**
**ADC #660598**

**VS.**                                  **1:19-CV-00068-BRW**

**AARON MOODY,** *et al*.                                                       **DEFENDANTS**

## ORDER

Pending is Defendants' Motion for Summary Judgment (Doc. No. 16).  Plaintiff has not

responded.  For the reasons set out below, Defendants' Motion (Doc. No. 16) is GRANTED and

this case is DISMISSED with prejudice.

## I.    BACKGROUND[2]

Plaintiff's claims arise from a 2018 car chase that ended in a wreck and Plaintiff's arrest

at the scene.  Plaintiff sued Independence County, Deputy Aaron Moody asserting that Moody

hit him in the left eye after Plaintiff was handcuffed.  Plaintiff also contends that Independence

County Sheriff Shawn Stephens failed to intervene.

On December 28, 2018, the driver of a truck in which Plaintiff was a passenger T-boned

a stop sign at approximately 45 miles per hour while police were in pursuit; incident reports and

Plaintiff's deposition testimony describe the chase and events that followed.  Plaintiff admits he

was high on methamphetamine at the time.

After the wreck Plaintiff was taken to the White River Medical Center.  Medical records

show he had redness under his left eye and small knots on his left forehead.  He reported pain in

---

[2]Unless otherwise noted, the background is from the Defendants' statements of undisputed
material facts.  Doc. No. 18.  Because Plaintiff did not respond, Defendants' undisputed material
facts are deemed admitted.  Fed. R. Civ. P. 56(e)(2); Local Rule 56.1(c).

his left heel, but denied any other injury, including eye pain.  Plaintiff's head and eye exam were both normal.

Plaintiff later was booked into the Independence County Sheriff's Office, then released and booked into the Izard County Jail, and then released to the Stone County Jail; each facility took a picture of Plaintiff upon his arrival.  None of the pictures reflect any visible injury to Plaintiff's left eye.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[3]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[4]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should be granted only when the movant has established a right to the judgment beyond controversy.[5]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[6]  A court must view the facts in the light

---

[3]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[4]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[5]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[6]*Id.* at 728.

most favorable to the party opposing the motion.[7]   The Eighth Circuit has also set out the burden

of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate,
> *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine
> dispute on a material fact.  It is enough for the movant to bring up the fact that the
> record does not contain such an issue and to identify that part of the record which
> bears out his assertion.  Once this is done, his burden is discharged, and, if the
> record in fact bears out the claim that no genuine dispute exists on any material
> fact, it is then the respondent's burden to set forth affirmative evidence, specific
> facts, showing that there is a genuine dispute on that issue.  If the respondent fails
> to carry that burden, summary judgment should be granted.[8]

Only disputes over facts that may affect the outcome of the suit under governing law will

properly preclude the entry of summary judgment.[9]

## III.    DISCUSSION

Plaintiff brought suit under 42 U.S.C. § 1983.  To state a claim for relief under § 1983, the

complaint must allege that a person acting under the color of state law deprived the plaintiff of a

constitutional or federally-protected statutory right.[10]   "Liability under § 1983 requires a causal

link to, and direct responsibility for, the alleged deprivation of rights."[11]   "Because vicarious

liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official

---

[7]*Id.* at 727-28.

[8]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[9]*Anderson*, 477 U.S. at 248.

[10]*American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

[11]*Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

defendant, through the official's own individual actions, has violated the Constitution."[12]  Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ."[13]

Plaintiff contends Sheriff Stephens failed to intervene when Deputy Moody punched him. To succeed on his failure to intervene claim, Plaintiff must establish that Stephens "observed or had reason to know that excessive force would be or was being used."[14]  Plaintiff testified, however, that Sheriff Stephens was 15-20 yards away talking to other officers at the time of the alleged punch and did not witness it.[15]  Plaintiff has not presented any evidence showing that Sheriff Stephens observed or had reason to know force would be or was being used.  Plaintiff also has not come forward with evidence of any personal involvement by Stephens.  Lastly, any claim against Stephens as a supervisor also fails.  Plaintiff has failed show any material fact in dispute on his failure to intervene claim.

Plaintiff made an excessive force claim against Moody, but again he has not come forward with evidence establishing a fact in dispute.  Moody denied hitting Plaintiff and in support of his position drew my attention to: medical records; booking reports with photographs; Plaintiff's admission he was high on methamphetamine at the time; the fact Plaintiff had been in a wreck—and had fallen while running from the police—which could account for the redness under his left eye; and the fact that Plaintiff never sought medical treatment for his alleged injury.  Plaintiff "was required 'to discard the shielding cloak of formal allegations and meet

---

[12]*Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

[13]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[14]*Hollingsworth v. City of St. Ann*, 800 F.3d 985, 991 (8th Cir. 2015).

[15]Doc. No. 18.

proof with proof by showing a genuine issue as to a material fact.'"[16]  He has not.  In fact, Plaintiff did not respond to Defendants' Motion – resulting in Defendants' material facts being deemed admitted.

Plaintiff failed to show any material fact in dispute as to both his deliberate indifference and excessive force claims.  Accordingly, summary judgment will be entered in Defendants' favor.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendants' Motion for Summary Judgment (Doc. No. 16) is GRANTED.

IT IS SO ORDERED this 21st day of April, 2020.


Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE

---

[16]*Fatemi v. White*, 775 F.3d 1022, 1046 (8th Cir. 2015) (internal citation omitted).